# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alvaro Ines Gutierrez-Yeguez,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, *et al.*,<br><br>Respondents. | No. CV-26-01013-PHX-JJT (MTM)<br><br>**ORDER** |

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. It raises an issue that has been the subject of extensive litigation in recent months—whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when ICE apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. The undersigned has determined that § 1226(a) applies in this circumstance, and in so concluding has cited to the rigorous analysis of the issue in an Order entered by another member of the Court. *Echevarria v. Bondi*, No. 25-CV-03252-DWL (ESW), 2025 WL 2821282 at *4-10 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners.

Germane to this matter, a district court in the Central District of California recently certified a Rule 23(b)(2) class that appears to include Petitioner. *Bautista v. Santacruz*, No.

5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).  It is composed of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  *Id.* at *9.  Notably, the only class-wide relief sought in *Bautista* is declaratory relief.  *Id.* at *8 (identifying "[t]he declaratory relief requested" as "a ruling that the policy violates Petitioners' and putative class members' statutory and constitutional rights").  On December 18, 2025, the *Bautista* court entered judgment declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law.  5 U.S.C. § 706(2)(A)."  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).  Most recently, on February 18, 2026, the *Bautista* court granted the class members' Motion to Enforce Judgment, and vacated the BIA's ruling in *In Re Hurtado*, 29 I&N Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedure Act.  *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. February 18, 2026).

Whether or not the *Bautista* Court's rulings and judgment reach Petitioner as a member of the class in that matter,[1] the Court's independent review of the Petition, and its

---

[1] The Court has considered the argument Respondents have made in this and several other habeas matters addressing the same issue that because Petitioner's claim is already being adjudicated in the nationwide *Bautista* class action, this Court should decline to consider it. Respondents recognize in their argument that the Court's decision on this issue is discretionary. *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) (holding that "when another court having jurisdiction over the same matter has entertained it and can achieve the same result," a court "*may choose* not to exercise its jurisdiction" over the matter or issue. (emphasis supplied). The Ninth Circuit has held that discretion applies specifically to the situation where the "other court's" matter is a class action. Indeed, *Crawford* addressed whether a district court may properly dismiss an individual complaint "because the complaint is a member in a class action seeking the same relief." *Id.* at 892; *see also Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir.2013).
Here the Court will exercise its discretion to consider Petitioner's claim in the instant matter even though Petitioner would appear to be a class member in *Bautista*. This

repeated adoption of the analysis in Judge Lanza's Order in *Echevarria*, confirms Petitioner is entitled to relief and the Court grants relief based on its conclusion that Petitioner's detention is governed by § 1226 and not § 1225.[2]

**IT IS ORDERED**:

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within **seven days** or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

3. Respondents must provide a notice of compliance within **three days** of releasing Petitioner or providing a bond hearing.

. . .

. . .

. . .

. . .

---

Court would so elect because the harm at issue in the instant habeas claim—Petitioner's continued detention while Respondents conduct removal proceedings and make any resulting determinations (as they are empowered to do), absent any finding Petitioner presents a danger or flight risk—is an ongoing harm. To preclude Petitioner from proceeding on a determination of his individual release while the *Bautista* court's judgment is on appeal would lead to unwarranted and prolonged delay. *Pride*, 719 F.3d at 1137 ("To preclude an inmate from proceeding on a claim for injunctive relief for his individual medical care [where the inmate was a member of a class action seeking systemic reforms for prison medical care broadly] would lead to unwarranted delay").

The Court also finds the "first-to-file" rule does not bar its course of action even though the *Bautista* matter is older. "The most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts. . . . [D]istrict court judges can, in the exercise of their discretion, dispense with the first-filed principle for reasons of equity." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Likewise, it does not appear to the Court that *Bautista* requires this action to be dismissed based on principles of *res judicata* because the claims and relief sought in the two matters are not identical. *Akootchook v. United States*, 271 F.3d 1160, 1164 (9th Cir. 2001) (holding there is no preclusive effect in the absence of "identical claims in the class action [] and the present case").

[2] The Court is also aware of the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026), which adopted the minority position regarding whether unadmitted applicants for admission apprehended within the United States are subject to mandatory detention under Section 1225. But that decision does not persuade the Court that its interpretation is incorrect, nor does it undermine the conclusion reached in *Bautista*, which has not been disturbed on appeal.

- 3 -

4.  Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 19th day of February, 2026.

_____
Honorable John J. Tuchi
United States District Judge